# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH W. CANDLER,<br><br>    Plaintiff,<br><br>    v.<br><br>ARYA, et al.,<br><br>    Defendant. | No. 2:19-CV-0867-WBS-DMC<br><br>FINDINGS AND RECCOMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil action. Pending before the Court are: (1) defendant C. Kelso's motion to dismiss (ECF No. 4); and (2) defendants A. Arya and B. Spelman' motion to dismiss (ECF No. 8).

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff initiated this action in the Sacramento County Superior Court and defendant Kelso removed the action pursuant to 28 US.C. § 1442(a)(1), (3). See ECF No. 1 (notice of removal). Plaintiff names the following as defendants: (1) A. Arya; (2) B. Spelman; and (3) C. Kelso. See ECF No. 1-1 (plaintiff's state court complaint attached as Exhibit A to defendant Kelso's notice of removal).

/ / /

/ / /

1

On March 4, 2016, plaintiff was involved in a physical altercation with another prisoner at the California State Prison in Sacramento. See ECF No. 1-1, pg. 7. The responding officers broke up the fight with blast grenades and pepper spray. Id. After this, plaintiff was placed in a holding cell, where he noticed that a bone in his thumb had broken and was sticking out of his skin. Id. at 8. On March 7, 2016, plaintiff was examined by defendant Spelman. Id. Plaintiff alleges that Spelman was negligent in his medical treatment by failing to provide adequate pain medication and failing to ensure that plaintiff received prompt X-ray scans. Id. On April 8, 2016, X-rays were taken of plaintiff's hand and revealed that he had in fact suffered a serious injury. Id. at 9.

Ten days later, plaintiff was seen by his primary care provider, defendant Arya. Id. Arya ordered a physical examination and a hand-brace for plaintiff. Id. Plaintiff alleges that Arya was negligent in refusing to provide pain medication and that the hand-brace was an inadequate remedy to help plaintiff deal with the pain. Id. After this, plaintiff's condition continued to deteriorate until he was eventually scheduled for surgery on July 7, 2016, during which time plaintiff continued to suffer from chronic pain due to the dislocation of his thumb bone. Id. at 9-10. Plaintiff claims to have suffered physical, emotional, and mental distress as a result of the inadequate medical treatment of Arya and Spelman. Id. at 11.

Additionally, plaintiff claims that defendant Kelso is liable for his injuries due to his status as the California Department of Corrections and Rehabilitation (CDCR) Receiver appointed in Plata, et al. v. Schwarzenegger, N. Dist. Cal. case no. C01-1391-TEH, the person responsible for ensuring that prisoners in California receive adequate medical care. Id.

## II. PROCEDURAL HISTORY

### A. Defendant Kelso's Appointment as CDCR Receiver

Defendant Kelso summarizes his appointment as receiver as follows:

> As a result of unconstitutional conditions in the California prison medical health care system, on February 14, 2006, the court in Plata appointed Robert Sillen as Receiver and charged him with "restructuring day-to-day operations [in the prison medical care system] and developing, implementing, and validating a new, sustainable system that provides

2

constitutionally adequate medical care to all class members as soon as practicable." RJN, Exhibit 1, ¶ II.A. The Plata court conferred upon the Receiver the responsibility "to control, oversee, supervise, and direct all administrative, personnel, financial, accounting, contractual, legal, and other operational functions of the medical delivery component of the CDCR." Id. Pursuant to the OAR [Order Appointing Receiver], the Receiver holds "all powers vested by law in the Secretary of the CDCR as they relate to the administration, control, management, operation, and financing of the California prison medical health care system. The Secretary's exercise of the above powers is suspended for the duration of the Receivership. . . ." Id., ¶ II.A. Unless state law is waived by Judge Henderson, the Receiver remains subject to, and is required to follow, state law in the exercise of his duties. Id., ¶ II.D. CDCR must indemnify the Receiver to the same extent that it must indemnify the Secretary of CDCR. Id., ¶ II.F. Significantly, in the exercise of his duties, "[t]he Receiver and his staff shall have the status of officers and agents of this Court, *and as such shall be vested with the same immunities as vest with this Court*." Id., ¶ II.F (emphasis added). On January 23, 2008, Kelso was appointed as the Receiver, subject to the rights and obligations of the OAR, and he has acted in that capacity since that time. RJN, Exhibit 2.

ECF No. 4-1, pgs. 10-11.

### B. **Current Action and Pending Motions**

On February 4, 2019, plaintiff filed a civil action against the named defendants in the Sacramento County Superior Court. See ECF No. 1-1. On May 14, 2019, this action was removed to the United States District Court of the Eastern District of California. See ECF No. 1. On May 24, 2019, defendant C. Kelso filed a motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure (FRCP) 12(b)(6). See ECF No. 4. On June 13, 2019, defendants A. Arya and B. Spelman filed a joint FRCP 12(b)(6) motion to dismiss, or, in the alternative to revoke plaintiff's in forma pauperis (IFP) status. See ECF No. 8.

### III. STANDARD OF REVIEW

In considering a motion to dismiss, the court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411,

3

421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, the court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). The court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

///

4

Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

**IV. DISCUSSION**

In his motion to dismiss, defendant Kelso argues: (1) plaintiff's complaint fails to state a claim against him upon which relief can be granted; (2) plaintiff's negligence claim is time-barred by California's two-year statute of limitations for personal injury actions; (3) plaintiff has failed to exhaust his claims under the California Government Claims Act (GCA), the Federal Tort Claims Act (FTCA), or the Prison Litigation Reform Act (PLRA); and (4) defendant Kelso is immune from suit against him in his official capacity. In their separate motion, defendants Arya and Spelman argue: (1) plaintiff's claims are barred because he failed to exhaust under the GCA; and (2) plaintiff is not entitled to proceed IFP.

**A.  Failure to State a Claim**

Defendant Kelso alleges that plaintiff has failed to satisfy the pleading requirements under FRCP 12(b)(6). Specifically, Kelso argues that:

> First, Plaintiff has failed to allege that the Receiver has committed any specific acts or omissions which would give rise to liability. *See generally* Dkt. No. 1-1, pp 7-12. While it appears that Plaintiff is alleging claims against the Receiver arising out of the performance of his duties as Receiver for the California prison medical health care system, Plaintiff provides no other information or facts detailing how or why the Receiver might be liable to Plaintiff for the ambiguous claims alleged in the Complaint. *Id.*
> Second, Plaintiff's Complaint makes no cognizable claim for relief. *See generally* Dkt. No. 1-1, pp. 7-12. Plaintiff alleges "negligence," but he fails to detail specific facts or legal arguments that could result in a successful legal claim against the Receiver. *Id.*
> Third, Plaintiff provides no specific information concerning his alleged compliance with state and federal claims statutes. Dkt. No. 1-1, pp. 7-12. Nor does he state whether and when he exhausted his administrative remedies via the prison grievance process. *See generally* Dkt. No. 1-1, pp. 7-12.

ECF No. 4-1, pg. 14

///

///

As noted above, legally conclusory statements, not supported by actual factual allegations, are not sufficient to establish a valid claim for relief. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). However, a plaintiff is also not expected to lay out the entirety of a fully formed case at the pleading stage. Instead, the court demands "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555.

Here, plaintiff's claim against defendant stems from paragraphs 11-12 of his complaint which states:

> 11. Defendant Clark Kelso is also liable for being negligent to plaintiff's serious medical needs because he is the CDCR health care receiver who's [sic] duty is to ensure that competent medical staff is caring for its patients within the California Department of Corrections and Rehabilitation. It is also defendant Clark Kelso's duty to ensure that medical staff use a [sic] organized system to ensure that patients such a [sic] whom sustained serious injury do not get lost in the system to ensure prompt and adequate treatment. Due to the fact that defendant Clark Kelso indirectly allowed plaintiff to suffer from chronic dislocation of a bone in plaintiff [sic] thumb which [sic] gotten worse over the course of four months with barely any treatment makes him and the other mentioned defendants liable for subjecting plaintiff to medical neglect . . .
> 12. Due to defendants C. Kelso, A-Arya and B. Spelman actions, plaintiff suffered excruciating pain from the chronic dislocation of a bone in plaintiff [sic] hand over the course of 4+ months.

ECF No. 4-1, pgs. 11-12; see also ECF No. 1-1, pg. 11.

As is clear from the complaint, plaintiff does not allege that Kelso played any active role in bringing about his alleged injuries. Instead, plaintiff is alleging that Kelso acted as a negligent supervisor. "[I]n order to prove facts sufficient to support a finding of negligence, a plaintiff must show that [the] defendant had a duty to use due care, that he breached that duty, and that the breach was the proximate or legal cause of the resulting injury." Hayes v. County of San Diego, 57 Cal. 4th 622, 629 (2013) (alteration in original) (citations omitted). While, plaintiff alleges that Kelso, as CDCR receiver, had a duty to ensure medical staff provided adequate medical care, it is unclear how this duty was breached. All references to Kelso in plaintiff's complaint are broad and conclusory. Plaintiff states that, ". . . Kelso indirectly allowed plaintiff to suffer from chronic dislocation of a bone. . .", but then fails to describe exactly how Kelso "indirectly allowed" him to suffer. Plaintiff's complaint is devoid of a clear causal connection

6

between Kelso's alleged misconduct and his injuries. Therefore, plaintiff's failure to properly state a claim under FRCP 12(b)(6) is a proper ground for dismissing his claim against defendant Kelso.

**B.     Statute of Limitations**

Defendant Kelso also argues that plaintiff's claim against him is time-barred. Specifically, Kelso argues that:

> . . .The Complaint alleges that Plaintiff was injured over three years ago on March 4, 2016, and that he did not receive adequate medical care during the following months of that year. *See generally* Dkt. No. 1-1, pp. 7-12. The documents attached to the Complaint confirm that timing. In order to be timely, Plaintiff's lawsuit needed to be filed in 2018. Instead, he filed it on February 4, 2019. Dkt. No. 1-1, p. 2. Thus, Plaintiff's lone claim for general negligence against the Receiver is barred by the statute of limitations, and this Court should grant the Receiver's motion to dismiss.

ECF No. 4-1, pg. 15.

In the absence of a specific statute of limitations, federal courts should apply the forum state's statute of limitations for personal injury actions. Lukovsky v. City & Cty. of S.F., 535 F.3d 1044, 1048 (9th Cir. 2008); Jones v. Blanas, 393 F.3d 918, 927 (2004).  In California, there is a two-year statute of limitations for personal injury actions. See Cal. Civ. Proc. Code § 335.1; Maldonado v. Harris, 370 F.3d 945, 954 (9th Cir. 2004); Jones, 393 F.3d at 927.  In actions where the federal court borrows the state statute of limitation, the court should also borrow all applicable provisions for tolling the limitations period found in state law. See Hardin v. Straub, 490 U.S. 536, 539 (1989).

California Civil Procedure Code § 352.1(a) provides tolling of the statute of limitations for two years when the plaintiff is, at the time the cause of action accrued, an inmate serving less than a life sentence. See Cal. Code. Civ. P. 352.1(a).  This tolling provision applies to all inmates except those sentenced to life without the possibility of parole. See Brooks v. Mercy Hospital, 204 Cal. Rptr.3d 289, 291-92 (Cal. App. 2016) (holding § 352.1(a) is applicable to prisoners serving a sentence of life with the possibility of parole, but the statutory language excludes those sentenced to life without the possibility of parole).  Thus, unless an inmate is serving a sentence of life without the possibility of parole, a four-year limitation period applies.

7

The limitations period is also tolled while the prisoner completes the mandatory exhaustion process. See Brown v. Valoff, 422 F.3d 926. 942-43 (9th Cir. 2004).

A review of publicly available records from the CDCR reflects that plaintiff was first eligible for parole in May 2004.[1] Because plaintiff is eligible for parole, he is necessarily not serving a sentence of life without the possibility of parole and, as such, a four-year limitation period applies. Here, plaintiff filed his complaint in the Sacramento County Superior Court on February 4, 2019. See ECF. 1-1, pg. 3. According to plaintiff, the events that brought forth this action occurred on March 4, 2016. Id. at 7. Therefore, with statutory tolling, the statute of limitations ran in March 2020. This action was filed prior to the expiration of the limitation period and, for this reason, it is not time-barred.

### C. Exhaustion

According to defendant Kelso, "[p]laintiff has not exhausted applicable administrative remedies, including under the California Government Claims Act, the Federal Tort Claims Act, or the Prison Litigation Reform Act." ECF No. 4-1, pg. 15. Defendants Arya and Spelman join in defendant Kelso's argument that plaintiff failed to exhaust under the California Government Claims Act. See generally ECF No. 8.

1. California Government Claims Act (GCA)

The GCA requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board no more than six months after the cause of action accrues. See Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2. To state a tort claim against a public entity or agent, a plaintiff must allege compliance with the act. Cal. Gov't Code § 950.6; State of Cal. v. Superior Court, 32 Cal. 4th 1234, 1244 (2004). "[F]ailure to allege facts demonstrating or excusing compliance with the requirement subjects a complaint to general demurrer for failure to state a cause of action." Id. at 1239. The California Supreme Court has not provided explicit guidance on what allegations are sufficient to demonstrate compliance with the GCA. However, the appellate courts have held that ". . .a

---

[1] **Error! Main Document Only.**The court may take judicial notice pursuant to Federal Rule of Evidence 201 of matters of public record. See U.S. v. 14.02 Acres of Land, 530 F.3d 883, 894 (9th Cir. 2008).

8

plaintiff may allege compliance with the claims presentation requirement in the Government Claims Act by including a general allegation that he or she timely complied with the claims statute." Perez v. Golden Empire Transit Dist., 209 Cal. App. 4th 1228, 1237 (2012) (finding that the following allegation sufficiently pled CGA exhaustion: "[o]n January 15, 2010, Plaintiff filed a timely claim complying with the required claims statute.").

Here, plaintiff's complaint contains a form in which plaintiff checked off the following boxes: [box 9] "[p]laintiff is required to comply with a claims statute, and" [box 9a] "has complied with applicable claims statutes . . ." ECF No. 1-1, pg. 5. Despite this submission, defendants argue that there is no indication in plaintiff's pleadings that he complied with the GCA. See ECF No. 4, pg. 16; ECF No. 8, pgs. 6-7. In support of this argument, Arya and Spelman seek judicial notice of a declaration from the custodian of records Lindsey Goodwin for the Government Claims Program stating that no GCA claim has been filed by plaintiff. See No. 9, pg. 3. However, upon review, it is noted that defendants' submissions to the Court are devoid of any such declaration. According to defendants, the declaration is attached to their request for judicial notice as Exhibit E. Exhibit E, however, is a docket history sheet for the instant action. No declaration of Lindsey Goodwin has been provided to the Court.

Also, defendants argue that plaintiff "may have" confused GCA compliance with other administrative requirements because his complaint's attached Exhibit C describes a "healthcare services appeal" as "proof of administrative exhaustion." See ECF No. 8, pg. 8. Here, the Court is similarly unconvinced. At this stage, the Court must take plaintiff's allegations as true. See Erickson, 551 U.S. at 93-94. Additionally, as a pro se litigant, plaintiff's complaint is entitled to a more liberal interpretation. See Haines, 404 U.S. at 520. Plaintiff alleges, albeit generally, that he complied with applicable claims statutes. Thus, the Court must take this as true. Since the GCA is one of those applicable claims statutes, the Court finds that plaintiff has adequately pled exhaustion of the GCA.

///

///

///

## 2. Federal Tort Claims Act (FTCA)

Defendant Kelso argues that:

> . . . [A] state tort action brought against a federal agent acting within the scope of his employment must be brought against the United States if a private person could be held liable for the same type of conduct. Id. Plaintiff should have named, but did not name, the United States as defendant with respect to any claims against the Receiver in his official capacity.
>
> The FTCA also mandates administrative exhaustion prior to the filing of any lawsuit falling within its purview. *See* 28 U.S.C. § 2675(a). Plaintiff generally alleges that he has complied with applicable claims statutes, but provides no further detail or information.

ECF No. 4-1, pg. 17.

The Court agrees with defendant Kelso that the "United States" should have been named a party to this action. Kelso, as the receiver, is an officer and agent of the United States District Court. See ECF No. 4-2, pgs. 19-25. Under the FTCA:

> [t]he remedy against the United States provided by [28 U.S.C. §§] 1346(b) and 2672 . . . for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee.

28 U.S.C. § 2679(b)(1)

In practice, this means that ". . . a state tort action against a federal employee acting within the scope of his employment must be brought against the United States if a private person could be held liable for the same type of conduct under California law." Patterson v. Kelso, No. 2:16-cv-0719 AC P, 2016 U.S. Dist. LEXIS 101408, at *11-12 (E.D. Cal. Aug. 1, 2016). As an agent of the court, defendant Kelso is an "employee of the government[2]" and therefore not a proper defendant.

///

---

[2] "Employee of the government" is defined, in relevant part, as "officers or employees of any federal agency . . . and persons acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States, whether with or without compensation . . ." 28 U.S.C. § 2671.

However, the Court disagrees that plaintiff has failed to allege compliance with the FTCA. A federal court does not have subject matter jurisdiction over a FTCA claim unless the plaintiff first presented the underlying tort claim to the "appropriate Federal agency" and the claim was "finally denied" by the agency. 28 U.S.C. § 2675(a); also see McNeil v. United States, 508 U.S. 106, 111-13, 113 S. Ct. 1980, 124 L. Ed. 2d 21 (1993). "The timely filing of an administrative claim is a jurisdictional prerequisite to the bringing of a suit under the FTCA and, as such, should be affirmatively alleged in the complaint. A district court may dismiss a complaint for failure to allege this jurisdictional prerequisite." Gillespie v. Civiletti, 629 F.2d 637, 640 (9th Cir. 1980) (internal citations omitted). As discussed above, plaintiff's form complaint contains a statement alleging compliance with "applicable claims statutes." Given the factual deference afforded to plaintiff at this stage of the proceedings, coupled with the more liberal pleading standards granted to a pro se litigant, this statement may equally apply to plaintiff's administrative requirements under the FTCA.

### 3. Prison Litigation Reform Act (PLRA)

Defendant Kelso argues that plaintiff's action must be dismissed for failure to exhaust administrative remedies under the PLRA. According to Kelso:

> Neither the Complaint, nor the exhibits attached to the Complaint, reflect that Plaintiff obtained a director's level appeal with respect to any medical grievance. See generally, Complaint. Indeed, there is no indication that Plaintiff utilized the inmate appeal process at all. Id.

ECF No. 4-1, pg. 18.

The Prison Litigation Reform Act of 1995 provides that, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. §1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). Here, plaintiff's claims against all defendants arise from a general common law theory of negligence. See ECF No. 1-1, pgs. 2-12. Since there is no federal statute or law being asserted by plaintiff, the PLRA exhaustion requirement does not apply.

///

**D. Immunity**

Kelso argues that, as CDCR receiver appointed by the Plata court, he enjoys quasi-judicial immunity. This court agrees.

"Under federal law, court-appointed 'receivers are court officers who share the immunity awarded to judges.'" Alta Gold Mining Co. v. Aero-Nautical Leasing Corp., No. 14-16102, 656 Fed. Appx. 316, 2016 U.S. App. LEXIS 13596, at *3, 2016 WL 3997265, at *1 (9th Cir. July 26, 2016) (quoting New Alaska Dev. Corp. v. Guetschow, 869 F.2d 1298, 1303 (9th Cir. 1989)). "[Judicial] immunity is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." Mireles v. Waco, 502 U.S. 9, 11-12, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991) (internal citations omitted). In this case, plaintiff's claim against Kelso stems from defendant's supervisory role as receiver. Thus, defendant is entitled to immunity unless his actions were taken in the complete absence of all jurisdiction. Mireles v. Waco, 502 U.S. 9, 12 (1991)

Plaintiff alleges that defendant's negligence in ensuring that "[patients] do not get lost in the system. . ." has resulted in a deprivation of proper medical care. See ECF No. 1-1, pg. 11. These alleged actions are clearly within defendant's jurisdiction, as defendant was specifically given authority over personnel decisions and policies and the purpose of his appointment was to restructure the CDCR's medical system to provide constitutionally adequate medical care. ECF No. 4-2, pgs. 3-25; see also Patterson v. Kelso, No. 2:16-cv-0719 AC P, 2016 U.S. Dist. LEXIS 101408, at *18 (E.D. Cal. Aug. 1, 2016). Also, plaintiff claims that the Federal Rules of Civil Procedure demonstrate that a receiver can in fact be sued. See ECF No. 14, pg. 6. While plaintiff is correct that defendant's status as receiver does not always entitle him to immunity, it has been clearly established by this court that negligent supervision is the sort of claim for which immunity does apply. See Patterson v. Kelso, No. 2:16-cv-0719 AC P, 2016 U.S. Dist. LEXIS 101408, at *20 (E.D. Cal. Aug. 1, 2016) ("[p]laintiff's claims of negligent supervision, hiring, and retention are tort claims comparable to the mismanagement claims from which receivers and trustees have

12

been found to be immune)³. Plaintiff's opposition demonstrates no authority to the contrary. Therefore, defendant Kelso is entitled to quasi-judicial immunity. By virtue of this immunity, granting plaintiff leave to amend would be futile.

### E. Revocation of Plaintiff's In Forma Pauperis Status

Defendants Arya and Spelman argue that plaintiff should not be allowed to proceed in forma pauperis (IFP) pursuant to the PLRA. The court disagrees on the ground that the plaintiff's IFP status originated in state court and thus, the PLRA does not apply.

Under the PLRA, if a plaintiff has three cases that have been dismissed on their merits (three strikes), that plaintiff cannot proceed in a matter with IFP status unless "imminent danger of serious physical injury" is shown. 42 U.S.C. § 1915(g). According to defendants, plaintiff has filed multiple federal actions in the past which have been dismissed such that the PLRA's "three strikes" rule warrant the removal of plaintiff's IFP status.

Specifically, defendants argue:

> Plaintiff has commenced twenty-nine separate federal court matters since December of 2004. The extent of plaintiffs' state court filings is unknown. Before plaintiff commenced this instant action on February 4, 2019, plaintiff had litigated the following [five] actions, which qualify as "strikes" under section 1915(g): [defendants then list five prior actions that were dismissed either for failure to state a claim or for frivolousness before Plaintiff filed his complaint in this case.]

ECF No. 8, pgs. 10-13.

Defendants also argue that plaintiff was not in "imminent danger:"

> Plaintiff's Complaint was filed in Sacramento County Superior Court on February 4, 2019. The Complaint's allegations concern conduct of the State Defendants done in March 2016 to July 7, 2016, prior to Plaintiff's hand surgery. Plaintiff provides no evidence he was in an

---

³ See also Bennett v. Williams, 892 F.2d 822, 824 (9th Cir. 1989) (bankruptcy trustees immune from claims for mismanagement when acting within court authorization) (citing Lonneker Farms, Inc. v. Klobucher, 804 F.2d 1096, 1097 (9th Cir. 1986); Sw. Media, Inc. v. Rau, 708 F.2d 419, 425 (9th Cir. 1983)), and other courts considering similar allegations against defendant have found him to be entitled to quasi-judicial immunity, Singletary v. Duffy, No. 2:15-cv-1231 KJN P, 2015 U.S. Dist. LEXIS 106219, at *5-8, 2015 WL 4751164, at *3-4 (E.D. Cal. Aug. 11, 2015); Doyle v. Cal. Dep't of Corr. and Rehab., No. 12-cv-2769 YGR, 2014 U.S. Dist. LEXIS 155478, at *9-11, 2014 WL 5524452, at *4 (N.D. Cal. Oct. 31, 2014) [*21] ; Pike v. Lee, No. 2:13-cv-05009-CAS-(AJWx), 2013 U.S. Dist. LEXIS 125005, at *8-9, 2013 WL 4677673, at *3 (C.D. Cal. Aug. 30, 2013).

> imminent danger of a serious physical injury at the time he filed this instant lawsuit, and, therefore, he cannot avail himself of the exception to the IFP revocation. . . .

ECF No. 8, pg. 13.

While the court might have granted defendants' motion to revoke plaintiff's IFP status if the complaint had been filed in federal court, this case and plaintiff's IFP status originated in state court and, as such, the PLRA's three-strikes rule does not apply. This determination has been reached by another court in the Ninth Circuit in a similar case. See Carrea v. California, No. EDCV 07-1148-CAS (MAN), 2010 U.S. Dist. LEXIS 107902, at *22-25 (C.D. Cal. Aug. 25, 2010).

In Carrea, plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983 in San Francisco County Superior Court. The case was eventually removed to the United States District Court for the Eastern District of California but, prior to removal, the Superior Court granted plaintiff a waiver of court fees and costs. Once the case was removed, it was dismissed with leave to amend and, following further dismissals, was eventually allowed to proceed on plaintiff's third amended complaint containing both state and federal claims. Similar to the current case at issue, a defendant in Carrea sought the revocation of plaintiff's fee waiver, arguing that the PLRA's three strikes rule barred IFP status. The Magistrate Judge in that case rejected defendant's arguments and held that the three strikes rule did not apply in this context[4]. In reaching this determination, the court stated:

> Plaintiff did not submit his Complaint to this Court or any other federal court [. . .]. Rather, he sought leave to file the Complaint in the San Francisco County Superior Court, and as the [defendant's] Motion establishes, the state court, on May 3, 2007, granted plaintiff a waiver of court fees and costs (the "State IFP Order"). [. . .]
>
> Under these circumstances, no Three Strikes/Section 1915(g) issue is presented here. The [defendant's] removal of this case, not any action by plaintiff, caused the action to be filed in federal court. [. . .] As a result of the [defendant's] removal, there was, and is, no need for plaintiff to seek leave to proceed without prepayment of the filing fee pursuant to Section

---

[4] The Magistrate Judge's recommendations were fully adopted by the district judge. See Carrea v. California, No. EDCV 07-1148-CAS (MAN), 2010 U.S. Dist. LEXIS 107928, at *2 (C.D. Cal. Oct. 5, 2010)

14

> 1915. In short, the removal of this action rendered plaintiff's Three-Strikes status irrelevant for purposes of the filing fee that otherwise would have been required to be paid in this case. [. . .]
>
> To the extent that [defendant] seek[s] to have this Court revoke the State IFP Order, this Court lacks any authority to do so. The San Francisco Superior Court is not governed by Section 1915(g), and its *in forma pauperis* decisions necessarily are governed by state law. [. . .]
>
> <u>Carrea v. California</u>, No. EDCV 07-1148-CAS (MAN), 2010 U.S. Dist. LEXIS 107902, at *22-25 (C.D. Cal. Aug. 25, 2010)

Here, plaintiff's complaint similarly originated in the California Superior Court and it appears that the waiver for his filing fees were also granted by the Superior Court.[5] To the extent that defendants seek to have this court revoke the state's IFP order, this court lacks any authority to do so.

## V. CONCLUSION

This civil action was removed to this court pursuant to the provisions of 28 U.S.C. § 1442(a)(1) and (3). Section 1442 provides that:

> [a] civil action [. . .] that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) . . . [A]ny officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.
>
> . . .
>
> (3) Any officer of the courts of the United States, for or relating to any act under color of office or in the performance of his duties.
>
> 28 U.S.C. § 1442(a)(1), (3).

///

///

---

[5] The docket sheet for <u>Candler v. Arya et al</u>, 2:19-cv-0867-WBS-DMC, reflects that this court has not granted plaintiff IFP status.

15

Defendant Kelso, as receiver, is an officer of the courts of the United States such that removal to this court was proper. See Ely Valley Mines, Inc. v. Hartford Accident & Indem. Co., 644 F.2d 1310, 1312 (9th Cir. 1981). However, as discussed above, plaintiff's action against Kelso warrants dismissal without leave to amend. Therefore, since plaintiff's remaining claims rest solely on a theory of common law negligence, this court lacks jurisdiction and remand to state court is proper. See 28 U.S.C. § 1447(c); see also Cauza v. BC Bancorp, No. EDCV10-01434 VAP (FMOx), 2010 U.S. Dist. LEXIS 153315, at *10 (C.D. Cal. Oct. 29, 2010) ("[w]hen the federal claim that served as the basis for removal is eliminated, either through dismissal by the court or by a plaintiff amending his or her complaint, federal courts have discretion to remand the remaining state claims.") (referencing Harrell v. 20th Century Ins. Co., 934 F.2d 203, 205 (9th Cir. 1991))

Based on the foregoing, the undersigned recommends that:

1. Defendant Kelso's motion to dismiss (ECF No. 4) be granted;
2. Defendant Arya and Spelman's motion to dismiss (ECF No. 8) be denied; and
3. This action be remanded to the Sacramento County Superior Court.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 28, 2020

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

16